## BROOKLYN MACELLAIO *v.* NEWINGTON POLICE DEPARTMENT ET AL.
### (AC 35159)

DiPentima, C. J., and Beach and Alvord, Js.

Argued May 15—officially released September 3, 2013

*Brooklyn Macellaio*, self-represented, the appellant (plaintiff).

*Kateryna Lagun*, with whom, on the brief, was *James N. Tallberg*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, Brooklyn Macellaio, appeals from the summary judgment rendered by the trial court in favor of the defendants, the Newington Police Department and Officers Arkandiusz Petlik and Jeanine Allin,[1] on the ground that the plaintiff's claims were barred by the applicable statutes of limitations. We affirm the judgment of the trial court.

---

[1] The complaint also named Ralph Dagostine as a defendant, but he is not a party to this appeal. We previously affirmed the judgment of dismissal rendered by the trial court in favor of Dagostine on the ground of sovereign immunity. See *Macellaio* v. *Newington Police Dept.*, 142 Conn. App. 177, 64 A.3d 348 (2013). For convenience, we therefore refer in this opinion to the Newington Police Department, Petlik and Allinas as the defendants.

On December 9, 2011, the plaintiff filed his original two count complaint against the defendants alleging false arrest and negligence. Specifically, the plaintiff alleged that the defendants arrested the plaintiff twice, once on May 2, 2008, and again on May 29, 2008, for the same charges arising out of the same incident on May 2, 2008. The plaintiff alleged that he satisfied the $75,000 bond set for his May 2, 2008 arrest on May 27, 2008, but was arrested by the defendants on May 29, 2008, after appearing in court for the same charges arising out of the May 2, 2008 incident, and then had to satisfy an additional $75,000 bond. The plaintiff alleged various injuries and sought monetary damages.

The court granted the defendants' motion to strike the plaintiff's complaint on February 16, 2012, and the plaintiff filed an amended complaint on March 8, 2012. On July 23, 2012, the plaintiff filed a motion for summary judgment. The defendants filed a cross motion for summary judgment on August 24, 2012, on the ground that, inter alia, the plaintiff's claims were barred by the applicable statutes of limitations, General Statutes §§ 52-577 and 52-584. On October 3, 2012, the court granted the defendants' motion for summary judgment having "found that no genuine issue of material fact exists regarding the fact that [the] plaintiff's claims are barred by the applicable statutes of limitations." The plaintiff filed a motion for reconsideration regarding the granting of the defendants' motion for summary judgment, which was denied by the court on October 22, 2012. This appeal followed.

The plaintiff raises two claims[2] on appeal, namely, that the court erred (1) in granting the defendants' motion for summary judgment because the running of

---

[2] In the plaintiff's statement of issues, he sets forth three issues in total, designating the two tolling arguments as separate issues. We have reframed these issues so that they better represent the plaintiff's claims on appeal.

the statutes of limitations was tolled under (a) the fraudulent concealment doctrine or (b) the continuing course of conduct doctrine, and (2) in denying the plaintiff's motion for articulation of the court's denial of the plaintiff's motion for reconsideration. We disagree and find the tolling doctrines inapplicable and the denial for the motion for articulation improper for our review.

## I

We begin by setting forth our standard of review of the court's granting of the motion for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Sherman* v. *Ronco*, 294 Conn. 548, 553–54, 985 A.2d 1042 (2010).

As a preliminary matter, we address the defendants' argument that the plaintiff waived his right to invoke the doctrine of fraudulent concealment and the doctrine of a continuing course of conduct to toll the statutes of limitations on both of his claims because the plaintiff failed to comply with Practice Book § 10-57. Practice Book § 10-57 provides in relevant part that a "[m]atter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply."

The continuing course of conduct doctrine is a matter that must be pleaded in avoidance pursuant to Practice Book § 10-57; *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 607 n.7, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007); as is the doctrine of fraudulent concealment; see *Bound Brook Assn.* v. *Norwalk*, 198 Conn. 660, 661, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986). Practice Book § 10-57 directs that the matters in avoidance of affirmative allegations in the answer must be specifically pleaded in the reply. The plaintiff's reply to the defendants' special defenses does not squarely comply with this rule of practice.

Contrary to the defendants' argument, the plaintiff has repeatedly, albeit imperfectly, addressed the tolling of the statutes of limitations. After the defendants filed their answer and special defenses, which contained a special defense that the statutes of limitations had run on both of the plaintiff's counts, the plaintiff filed a motion for summary judgment, as well as a reply to the defendants' special defenses. In the plaintiff's motion for summary judgment, filed July 23, 2012, he laid the factual groundwork for an allegation of fraudulent concealment by the defendants, but failed to specifically name either the fraudulent concealment or continuing course of conduct doctrines for tolling the statutes of limitations. In his reply to the defendants' special defenses, filed August 1, 2012, the plaintiff objected to the statutes of limitations special defense on the ground that he was entitled to have the statutes tolled. While the plaintiff provided factual allegations and exhibits in support of this assertion, he again failed to specifically name the tolling doctrines he was attempting to invoke. In the plaintiff's reply to the defendants' motion for summary judgment, filed September 4, 2012, however, the plaintiff specifically stated that the statutes of limitations should be tolled based on the fraudulent concealment and continuing course of conduct doctrines.

Our Supreme Court, however, has "previously . . . afforded trial courts discretion to overlook violations of the rules of practice and to review claims brought in violation of those rules as long as the opposing party has not raised a timely objection to the procedural deficiency." *Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263 Conn. 245, 273, 819 A.2d 773 (2003). In the present case, the defendants failed to raise a timely objection to this procedural defect. Furthermore, "our construction of a self-represented party's pleading should not focus on technical defects, but should afford the [appellant] a broad, realistic construction of the pleading under review." *Coleman* v. *Commissioner of Correction*, 137 Conn. App. 51, 55 n.1, 46 A.3d 1050 (2012). The court had these filings before it prior to ruling on the cross motions for summary judgment. Despite the defect, "the plaintiff placed the issue before the court and, in this instance, we believe it is just to reach the claim." *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 94 Conn. App. 607.

The plaintiff's original complaint sounded in false arrest and negligence. An action sounding in false arrest must be brought "within three years from the date of the act or omission complained of." General Statutes § 52-577. An action for negligence must be commenced "within two years from the date when the injury is first sustained or discovered . . . ." General Statutes § 52-584. The plaintiff's original complaint was filed on December 9, 2011. The plaintiff alleged the false arrest to have occurred on May 29, 2008, such that the statute of limitations for this claim would have run three years from that date on May 29, 2011. The plaintiff's negligence claim also stems from the alleged actions on May 29, 2008, such that the statute of limitations for this claim would have run two years from that date on May 29, 2010. The court granted the defendants' motion for summary judgment on October 3, 2012, having "found

that no genuine issue of material fact exists regarding the fact that [the] plaintiff's claims are barred by the applicable statutes of limitations."

"Summary judgment is appropriate where the action is barred by the statute of limitations." *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 293, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). While this action ordinarily would be barred by the statute of limitations because it was brought more than six months after the statute of limitations had run for the plaintiff's false arrest claim and more than eighteen months after the statute of limitations had run for the plaintiff's negligence claim, the plaintiff asserts that the trial court improperly granted the defendants' motion for summary judgment because both statutes of limitations were tolled by the fraudulent concealment doctrine and the continuing course of conduct doctrines. We will address the claimed application of each tolling doctrine separately.

A

General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Under our case law, to prove fraudulent concealment, the plaintiff is required to show: (1) the defendants' actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiff's cause of action; (2) the defendants' intentional concealment of these facts from the plaintiff; and (3) the defendants' concealment of these facts was for the purpose of obtaining delay on the plaintiff's part in filing a complaint on his cause of action. See *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 533, 656 A.2d 221

(1995). Fraudulent concealment must be proved by the more exacting standard of clear, precise, and unequivocal evidence. *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105, 912 A.2d 1019 (2007). The issue, however, is not whether the plaintiff established fraudulent concealment but, rather, whether there was probable cause to believe that the test might be satisfied. Id.

The plaintiff's claim of fraudulent concealment is predicated on the allegation that "the State of Connecticut and the [d]efendant Newington Police Department . . . destroyed all records of the illegal May 29, 2008 arrest. . . . [T]he [d]efendants Arkadiusz Petlik, Jeanine Allin, and the Newington Police Department [swore] to this [c]ourt that NO copies of any and all office records regarding the May 29, 2008 illegal arrest exists in the Newington Police Department." (Citations omitted.) The plaintiff's reply to the defendants' memorandum of law in opposition to the plaintiff's motion for summary judgment and in support of the defendants' cross motion for summary judgment contains the bare allegation that "[t]he statute of limitation period is tolled and does not bar a claim since the [p]laintiff proved that for all or part of the period the [d]efendant(s) fraudulently concealed the cause of action from the [p]laintiff."

In order to toll the statutes of limitations on the basis of fraudulent concealment, the plaintiff would first have to show the defendants' actual awareness, not imputed knowledge, of the facts necessary to establish the plaintiff's cause of action. The plaintiff submitted a copy of the defendants' responses to the plaintiff's production requests in which the defendants were asked to produce "[c]opies of any and all office records regarding the [c]omplaint," to which the defendants replied "none." The defendants' responses to the plaintiff's request for admissions denied arresting the plaintiff on May 29,

2008, and denied having a record of the alleged May 29, 2008 arrest. The plaintiff also included a letter from the police department, dated July 16, 2012, stating that it had investigated the plaintiff's complaint against it and found the plaintiff's arrest to be proper. With these submissions, the plaintiff does not meet his burden to produce evidence that the defendants arrested him on May 29, 2008, knew of such an arrest, or knew of the plaintiff's double bond issue.

Except for the plaintiff's allegations, there is no evidence in the record that the defendants were actually aware of the facts necessary to establish the plaintiff's cause of action. "[I]t remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." *Connell* v. *Colwell*, 214 Conn. 242, 251, 571 A.2d 116 (1990). The plaintiff's bare assertions fail to establish such a factual predicate as to the first factor for fraudulent concealment. As such, the plaintiff does not raise a genuine issue of material fact required for tolling the statute of limitations under the fraudulent concealment doctrine.

## B

Our Supreme Court has "recognized . . . that the statute of limitations and period of repose contained in [General Statutes] § 52-584 may be tolled, in the proper circumstances, under . . . the continu[ing] course of conduct doctrine . . . thereby allowing a plaintiff to bring an action more than three years after the commission of the negligent act . . . . [T]he continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." (Internal quotation marks omitted.) *Watts* v. *Chittenden*, 301 Conn. 575,

583–84, 22 A.3d 1214 (2011). "For example, the doctrine is generally applicable under circumstances where [i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury or where the negligence consists of a series of acts or omissions and it is appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run . . . ." (Emphasis omitted; internal quotation marks omitted.) *Rosato* v. *Mascardo*, 82 Conn. App. 396, 402–403, 844 A.2d 893 (2004).

"It is axiomatic that [w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . . Furthermore, [t]he doctrine of continuing course of conduct as used to toll a statute of limitations is better suited to claims where the situation keeps evolving after the act complained of is complete . . . ." (Citations omitted; internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 94 Conn. App. 608.

In deciding whether the trial court properly granted the defendants' motion for summary judgment, we must determine if there is a genuine issue of material fact

with respect to whether the defendant: (1) committed an initial wrong upon the plaintiff, and (2) whether a duty continued to exist after the cessation of the act or omission relied upon by (a) evidence of a special relationship between the parties giving rise to such a continuing duty or (b) some later wrongful conduct of the defendants related to the prior act. See id.

Although the plaintiff's complaint alleged that the initial wrong of false and negligent arrest occurred on May 29, 2008, the plaintiff failed to satisfy the second prong. The plaintiff failed to submit any evidence that the defendants' duty to the plaintiff continued to exist after the initial wrong by virtue of later wrongful conduct of the defendants related to the prior act. With respect to the alternate grounds for existence of a duty, the plaintiff has neither pleaded nor produced any evidence of a special relationship between himself and the defendants.

The plaintiff also has failed to raise a genuine issue of material fact that the alleged violation continued to evolve after the act complained of was complete, i.e., that there was some later wrongful conduct of the defendants related to the prior act. The plaintiff alleged that "the illegal arrest, destruction of documents, and negligence was not an isolated transaction but was part of a continuing course of conduct in which the [d]efendants engaged over a period of time from May 29, 2008 until present day August 26, 2012." The plaintiff produced no evidence to support that bare assertion.

"[B]are assertions by the nonmovant are not enough to withstand summary judgment." *Zeller* v. *Consolini*, 59 Conn. App. 545, 564, 758 A.2d 376 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine

issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . . ." (Internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995).

In the present case, the plaintiff failed to substantiate his adverse claim. Although the plaintiff contends that there is a genuine issue of material fact with regard to some later wrongful conduct of the defendants related to the prior act, he does not provide evidence disclosing the existence of such an issue. The plaintiff, therefore, cannot toll the statutes of limitations applicable to his claims on the basis of the continuing course of conduct doctrine.

## II

The plaintiff's second issue on appeal is whether the court erred in denying his motion for articulation of the court's denial of the plaintiff's motion for reconsideration. We conclude that the plaintiff's claim is not a proper subject for review on appeal.

Following the court's denial of the plaintiff's motion for reconsideration on October 22, 2012, the plaintiff filed a motion for articulation on October 31, 2012. The court denied the plaintiff's motion on November 19, 2012.

Practice Book § 66-5 provides in relevant part that "[t]he sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ." The plaintiff's pursuit of review and

remedy through appeal is, therefore, inappropriate. See *Rivnak* v. *Rivnak*, 99 Conn. App. 326, 334–35, 913 A.2d 1096 (2007). We decline to review this claim further.

The judgment is affirmed.

