******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHANDRA BOZELKO *v.* WEBSTER BANK, N.A.
(AC 37078)

Lavine, Mullins and Pellegrino, Js.

*Argued May 18—officially released September 15, 2015*

(Appeal from Superior Court, judicial district of New London, Hon. Seymour L. Hendel, judge trial referee.)

*Chandra Bozelko*, self-represented, the appellant (plaintiff).

*John C. Pitblado*, with whom was *Jon Sterling*, for the appellee (defendant).

*Opinion*

MULLINS, J. The self-represented plaintiff, Chandra Bozelko, appeals from the summary judgment rendered by the trial court in favor of the defendant, Webster Bank, N.A. On appeal, the plaintiff claims that the court improperly ruled that each count of her complaint was barred by a properly asserted statute of limitations defense and that the court abused its discretion in denying her motion to reconsider.[1] We affirm the judgment of the court.

The following facts and relevant procedural history inform our review. In a complaint dated September 1, 2011, the plaintiff brought an action against the defendant in four counts, namely, fraudulent nondisclosure, violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; breach of the implied covenant of good faith and fair dealing, and spoliation of evidence. In relevant part, the plaintiff alleged that, in July, 2003, she had a checking account with the defendant, and that on two separate occasions in November, 2003, a fraudulent check in the amount of $10,000 was deposited into her account. She also alleged that the defendant had her arrested and charged with one count of larceny in the first degree and two counts of forgery in the third degree, but that these charges later were nolled.[2] The plaintiff alleged that, while she was in prison, a fellow inmate informed her that she and an accomplice "had purchased account numbers from an employee [of the defendant] at the 80 Elm Street, New Haven branch in 2003 and that [the] plaintiff's information was [among the] account numbers sold." She further alleged that the defendant "never notified any customers, including [the] plaintiff, of [the] security breach by the employee at the 80 Elm Street branch [and that] . . . [the defendant] made every attempt to conceal its wrongful acts and omissions to [the] plaintiff." On the basis of these alleged facts, the plaintiff brought her four count complaint.

The defendant denied the material allegations of the complaint and raised several special defenses to each count, including statutes of limitations defenses under General Statutes §§ 52-584, 42-110g, 52-577, 52-576, "or other applicable statute(s) of limitation." The plaintiff filed a reply in which she simply denied each special defense. On October 1, 2012, the defendant filed a motion for summary judgment with an accompanying memorandum of law, affidavits and other documents. The plaintiff filed a motion in opposition, along with her own affidavit. On April 23, 2014, following a hearing on the motion, the court rendered summary judgment in favor of the defendant on statutes of limitations grounds. The plaintiff then filed a motion to reargue and reconsider. On June 27, 2014, the court held a hearing on the plaintiff's motion, but declined to reconsider its judgment. This appeal followed. Additional facts will

be set forth where necessary.

The plaintiff first claims that the court improperly rendered summary judgment in favor of the defendant because there was a genuine issue of material fact regarding when she became aware of the defendant's alleged fraud. She contends that, although she was aware that there had been a fraud perpetrated against her checking account in 2003 or 2004, she was unaware, until 2009, that an employee of the defendant had a hand in the alleged fraud. She argues that it was only then, in 2009, when certain facts were revealed to her by a fellow inmate, and that, therefore, the court's conclusion that various statutes of limitations had run on her claims was incorrect as a matter of law pursuant to General Statutes § 52-595.[3]

The defendant argues that the plaintiff submitted only her own affidavit that was filled with inadmissible hearsay regarding the alleged 2009 information she allegedly received from a fellow inmate regarding an unnamed employee of the defendant.[4] It further argues that the plaintiff failed to produce an affidavit from this inmate, and she failed to produce any type of admissible evidence regarding the defendant's alleged knowledge or concealment of a fraud perpetrated against the plaintiff's checking account by one of its employees. Accordingly, the defendant argues, the court could not consider the hearsay evidence, and, there being no evidence to support a tolling of the statutes of limitations, the court properly rendered summary judgment in favor of the defendant.[5] We agree with the defendant.

"The standards governing [an appellate tribunal's] review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary. . . . [I]n the context of a motion for summary judgment based on a statute of limitations special defense, [the defendant] typically [meets its] initial burden of showing the absence of a genuine issue of material fact by demonstrating that the action had commenced outside of the statutory limitation period. . . . When the plaintiff asserts that the limitations period has been tolled by an equitable exception to the statute of limitations, the burden normally shifts to the plaintiff to establish a disputed issue of material fact in avoidance of the statute. . . . Put differently, it is then incumbent upon the party opposing summary judgment to establish a factual predicate from

which it can be determined, as a matter of law, that a genuine issue of material fact exists. . . .

"Thus, to toll a statute of limitations by way of our fraudulent concealment statute, a plaintiff must present evidence that a defendant: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) intentionally concealed these facts from the [plaintiff]; and (3) concealed the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on their cause of action." (Citations omitted; internal quotation marks omitted.) *Iacurci* v. *Sax*, 313 Conn. 786, 799–800, 99 A.3d 1145 (2014).

In this case, the defendant properly filed special defenses, including statutes of limitation defenses, which the plaintiff simply denied. It is undisputed that the plaintiff's causes of action were filed seven to eight years after the alleged fraud on her checking account, although she alleges that the facts of the defendant's involvement were concealed from her until 2009. Under any of the applicable statutes of limitations, the causes of action were untimely. See General Statutes §§ 42-110g (f) ("[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter") 52-576 (a) ("[n]o action . . . on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues") and 52-577 ("[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of").

The defendant moved for summary judgment, in part, on statutes of limitations grounds. With its motion, the defendant filed various affidavits and exhibits, including a copy of its objections and responses and its supplemental responses to the plaintiff's interrogatories. In those direct responses, which were properly sworn and notarized, the defendant averred, in relevant part: (1) "[N]o Webster [Bank] employee of the 80 Elm [Street] . . . branch . . . was terminated during the years 2003, 2004, 2005 or 2006 in connection with the inappropriate use or sale of customer checking account information"; (2) "[N]o Webster [Bank] employee of the 80 Elm [Street] . . . branch . . . was charged by or reported to authorities for criminal conduct relating to customer checking account information use or sales during the years 2003, 2004, 2005 or 2006"; (3) "Webster [Bank] did not notify any client/customers of any charge by authorities against any Webster [Bank] employee for criminal conduct relating to the sale or use of checking accounts in the 80 Elm [Street] . . . branch . . . because no such charges were ever made"; and (4) "the plaintiff's personal information relating to the checking account at issue in this litigation was never wrongfully/ unlawfully accessed by any Webster [Bank] employee."

The plaintiff objected to the defendant's motion for summary judgment and argued that the defendant fraudulently had concealed its knowledge that one of its employees was involved in the alleged fraud against the plaintiff's checking account, and that the applicable statutes of limitations were tolled as a result of this concealment. In support of her opposition to the defendant's motion for summary judgment, the plaintiff relied on her own self-serving affidavit.[6] See *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.*, 287 Conn. 158, 174–75, 947 A.2d 291 (2008) (plaintiff's self-serving affidavit insufficient to surmount motion for summary judgment). Our review of the contents of this affidavit, however, reveals that, even if we consider all of the self-serving averments therein, the affidavit provides no information as to the defendant's alleged concealment of any purported fraud by one of its employees.

In her affidavit, the plaintiff averred, in relevant part: the plaintiff was not the woman who had made the two $10,000 deposits and who was depicted in a photograph supplied by the defendant; the plaintiff met a fellow inmate who told her that she knew about the plaintiff's criminal case involving the defendant and that this inmate and another woman were coconspirators in some identity theft cases; the inmate told her that an employee at the 80 Elm Street branch of the defendant had sold this inmate and the other woman personal identifying information and account information on the defendant's customers; and the plaintiff reported this information to her attorney. The affidavit is devoid of a single fact that would demonstrate any concealment by the defendant.

To toll the statutes of limitations, the plaintiff bore the burden of establishing the existence of a genuine issue of material fact as to the defendant's knowledge and concealment of its employee's alleged involvement in the purported fraud against the defendant's checking account. See *Iacurci* v. *Sax*, supra, 313 Conn. 799–800; see also *Macellaio* v. *Newington Police Dept.*, 145 Conn. App. 426, 433–34, 75 A.3d 78 (2013) (plaintiff's bare assertions that defendant fraudulently concealed facts necessary to support plaintiff's cause of action, without admissible evidence, insufficient to raise genuine issue of material fact required for tolling statute of limitations under fraudulent concealment doctrine). The plaintiff in this case failed to provide any evidence that would demonstrate such a dispute of material fact. This lack of evidence, combined with the defendant's sworn exhibits in support of its motion for summary judgment, support the court's conclusion that summary judgment was appropriate in this case on the ground that the statutes of limitations had run. There was no evidence before the trial court that would support a tolling of the limitations period.

The plaintiff also claims that the court abused its

discretion in denying her motion to reconsider. She argues that the court did not appreciate fully her contention that she did not become aware of the involvement of the defendant's employee in the fraud against her checking account until 2009, and that this date should control for statutes of limitations purposes. Because we conclude that the defendant's motion for summary judgment properly was granted, there is no need for us to review the appropriateness of the court's denial of the plaintiff's motion for reconsideration. *Valentine* v. *LaBow*, 95 Conn. App. 436, 452–53, 897 A.2d 624 ("[b]ecause we conclude that [the] motion for summary judgment properly was granted, the court did not abuse its discretion in denying the defendant's motion to reconsider or her motion to reargue"), cert. denied, 280 Conn. 933, 909 A.2d 963 (2006); *Vogel* v. *Maimonides Academy of Western Connecticut, Inc.*, 58 Conn. App. 624, 631, 754 A.2d 824 (2000) ("[b]ecause we conclude that the motion for summary judgment properly was granted, the court did not abuse its discretion in denying the plaintiff's motion to reargue and for reconsideration").

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that the appendix to the plaintiff's appellate brief does not comply with Practice Book § 67-8. The appendix is missing many relevant documents, including the plaintiff's complaint, the defendant's answer and special defenses, the defendant's motion for summary judgment, the plaintiff's objection to the defendant's motion for summary judgment and its accompanying affidavit, and the plaintiff's motion to reconsider. The defendant has provided some of missing documents in its appendix. Nevertheless, because the missing documents are available to the court via our online system, we will review the plaintiff's claims despite the failure to comply with our rules of practice.

[2] The defendant submitted the affidavit of Michael R. Denison, an assistant state's attorney, who averred that the case against the plaintiff was nolled because she agreed to plead guilty to felony charges in an unrelated case, and she was sentenced to a period of incarceration in that case, which was to be served consecutive to the prison sentence she already was serving in another unrelated case.

[3] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

It does not appear, however, that the plaintiff raised this statute before the trial court, nor that the trial court considered it.

"The continuing course of conduct doctrine is a matter that must be pleaded in avoidance pursuant to Practice Book § 10-57; *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 607 n.7, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007); as is the doctrine of fraudulent concealment; see *Bound Brook Assn.* v. *Norwalk*, 198 Conn. 660, 661, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986). Practice Book § 10-57 directs that the matters in avoidance of affirmative allegations in the answer must be specifically pleaded in the reply." *Macellaio* v. *Newington Police Dept.*, 145 Conn. App. 426, 430, 75 A.3d 78 (2013).

In *Macellaio*, however, although the plaintiff had failed to plead in avoidance, he raised the issue of tolling in his reply to the defendant's special defenses, "albeit imperfectly," and in his motion in opposition to the defendant's motion for summary judgment. Id. The defendant did not raise a timely objection to the procedural defect, and, on appeal, we determined that because the issue had been placed before the trial court, and the defendant had not timely objected, it was proper to consider the matter. Id.. 431.

In this present case, the plaintiff has raised § 52-595 on appeal, and the defendant has briefed the applicability of the doctrine of fraudulent concealment, although not mentioning § 52-595 specifically or objecting to our consideration of the issue despite the procedural irregularity. Because our review is plenary, and this issue is fully briefed by both sides, we will consider it. See generally id., 430–31 (considering issue of fraudulent concealment despite plaintiff's failure to plead in avoidance and defendant's claim that plaintiff waived issue where plaintiff repeatedly, "albeit imperfectly," addressed tolling of statutes of limitations before trial court).

[4] "Hearsay means a statement, other than one made by the declarant while testifying at the proceeding, offered in evidence to establish the truth of the matter asserted. . . . Hearsay is generally inadmissible . . . and therefore when deciding a motion for summary judgment a court may not consider material that would be hearsay at trial." (Citations omitted; internal quotation marks omitted.) *Walker* v. *Housing Authority*, 148 Conn. App. 591, 600, 85 A.3d 1230 (2014).

[5] Although the trial court did not specifically state that the plaintiff's affidavit contained inadmissible hearsay, it, nonetheless, held that the plaintiff failed to establish a genuine issue of material fact as to the running of the limitations period.

[6] Page one of the plaintiff's affidavit is not contained in the court record, and the plaintiff has not provided a copy of this document in her appendix. The defendant has provided a copy of the document in its appendix, but it, also, is missing page one.