THEODORE BRENNER *v.* THE CENTRAL REALTY COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued February 1—decided April 6, 1944.

*Jay E. Rubinow,* for the appellant (plaintiff).

*M. J. Blumenfeld,* with whom, on the brief, was *DeLancey Pelgrift,* for the appellee (defendant).

ELLS, J. The plaintiff was injured when he fell through an open trap door in a room at the rear of a retail store in Manchester conducted by Russell Potterton, who was in exclusive possession and control of the premises under a lease from the defendant owner. Suit was brought against the owner alone and the plaintiff had a verdict which, upon motion, the court set aside upon the ground that there was no evidence of the landlord's knowledge, actual or imputable, that customers would enter that portion of the premises where the plaintiff fell. The plaintiff has appealed.

The complaint was based on *Webel* v. *Yale University,* 125 Conn. 515, 7 Atl. (2d) 215. That case held that a visitor to business premises which have been leased by the owner may recover against him upon proof (1) that there existed at the time of the leasing conditions on the leased premises likely to cause injury to persons entering the premises; (2) that the landlord had knowledge, actual or imputable, of the existence of these conditions; (3) that the landlord had knowledge, actual or imputable, that persons were likely to be invited upon the premises as customers of the tenant; (4) that the landlord had reason to expect that the tenant would not take steps to remedy or guard against injury from the conditions. The trial court set the verdict aside on the ground that there was no evidence reasonably to support the third condition of recovery.

It is implicit in the doctrine of the *Webel* case that the condition involving danger existed not only on the leased premises but on a portion of them which the lessor knew or should have known would be used by visitors. The trap door was in the floor of a separate room at the rear of the store used for a repair shop and storeroom. The plaintiff presented himself at a counter in the store and asked for a radio which he had left there to be repaired. There was evidence from which the jury could reasonably have found that the clerk went into the storeroom, was gone for a few moments, returned, said she could not find the radio and suggested that the plaintiff go into the storeroom and look for it himself, because he would know the set when he saw it. It was while the plaintiff was walking through this room with his eyes on the shelves containing radios that he fell through the open trap door. The question is not whether the tenant is liable on the basis of the invitation extended by the clerk to the plaintiff to go into the back room, but whether the owner of the premises is liable under the *Webel* case. We cannot find that there was any evidence, or any reasonable inference from evidence, which would justify a finding that the landlord should have known that visitors to the premises were likely to be invited into the back room. The jury could not reasonably have found that the arrangement of the premises constituted an implied invitation to visitors to enter this separate room. Therefore one of the elements necessary to establish the landlord's liability is lacking. *Webel* case, supra, 523.

The trial court did not err in granting the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.