TAYLOR, Associate Judge.
Appellants sued appellees for damages sustained by reason of their falling into a sunken driveway located upon property owned by Adams Realty Company. Summarized, the complaint alleges that appellee Adams Realty Company and the appellees W. H. Graves and Vivian Graves own adjoining parcels of land in Daytona Beach abutting on South Atlantic Avenue; that there is located upon the Adams Realty Company property, “close” to the boundary between the two parcels of land, a sunken *499 driveway some four feet deep; that on the Graves property are two or more buildings containing apartments or rented units; that between this sunken driveway on the Adams property and the boundary between these two parcels of land “there were growths of shrubs, flowers, long grass and vines which concealed the sunken driveway from view and made it impossible to detect except in a good light”; that appellants were guests of tenants of the Graves and had parked their automobile in a parking lot on the Graves’ property; (although not alleged in the complaint the appellants’ brief states that this occurred before dark;) upon leaving the apartment of their hosts at about 11 o’clock at night, appellants in attempting to return to their parked car crossed over the unmarked boundary between the two parcels of land and fell into the driveway on the Adams property and sustained injuries. It is alleged that the Graves were negligent in that with knowledge of the sunken driveway on the Adams property they did not provide a fence, barrier or other warning device or maintain lights to protect persons in the position of appellants, and that the Adams Realty Company was negligent in failing to provide similarly to protect persons in the position of appellants.
Upon motion of the appellees the Circuit Court dismissed the complaint as to all appellees and entered final judgment accordingly.
We will first consider the complaint as against the defendants W. H. and Vivian Graves.
Appellants cite no authority, and independent research has revealed none, which holds a landlord liable for damages resulting from injuries sustained upon and resulting from dangerous conditions existing upon adjoining property owned by and under the exclusive control of another. It is not alleged that the sunken driveway was so close to the property of the Graves that it constituted a hazard to persons while upon the Graves property. The allegations of the complaint negative this idea. There existed between the North line of the Graves property and the sunken driveway a strip of land wide enough to support a growth of shrubs, flowers, long grass and vines sufficient to conceal the sunken driveway from view and make it impossible to detect it except in good light. Obviously appellants were in no danger until they had crossed the boundary and entered upon the property of Adams Realty Company. In Corpus Juris Secundum the rule is stated that “In order to establish liability of the landlord it is necessary that the condition involving danger should have existed not only on the leased premises but on a portion of them which the landlord knew or should have known would be used by the tenant’s invitees.” 52 C.J.S. Landlord and Tenant § 422, p. 76, Brenner v. Central Realty Co., 130 Conn. 666, 37 A.2d 230, 231.
Appellants were injured only after they had left the Graves property and penetrated the shrubs, flowers, long grass and vines which intervened between the Graves property and the sunken driveway. There was no duty upon the Graves to warn plaintiffs of a sunken driveway upon the property of another when they had no reason to anticipate that appellants would wander from the parking area which had been provided upon the Graves property, cross the intervening area occupied by shrubs, flowers, long grass and vines and fall into such driveway. The complaint fails to state a cause of action against the Graves.
With respect to the appellee Adams Realty Company the plaintiffs were trespassers. Obviously they were innocent of willful wrong and their trespass was unintentional, but they were nonetheless trespassers.
The legal duty owing by Adams Realty Company to appellants is measured by the legal status of the appellants as trespassers upon its property. The complaint is clearly insufficient to state a cause of action against Adams Realty Company and was properly dismissed as to it.
*500 There was another reason why the complaint was properly dismissed as to all the appellees.
In the case of McNulty v. Hurley, Fla., 97 So.2d 185, 187, the Supreme Court stated:
“This cause sounds in tort. In such an action it is essential that the complaint allege facts either showing a duty owed to the plaintiff by defendant and a breach thereof by the defendant, or that plaintiff has a legal right which right has been invaded by the defendant, and further that the plaintiff has been damaged thereby.”
The negligence alleged in this case is the failure to provide a fence, barrier, lights or other warning to the appellants. But there is no duty to warn or give notice of a dangerous condition to persons already possessed of knowledge of such dangerous condition. A lack of knowledge on the part of the appellants of the dangerous condition (if one existed) is an essential element in establishing the duty to give notice or warning. The complaint in this case does not allege such lack of knowledge. The complaint, therefore, does not allege a state of facts giving rise to the duty, the failure to perform which is the charge of negligence against the appellees.
In this connection it is significant that the pleader was at great care to allege knowledge of the dangerous condition by Adams Realty Company, and that it was known or should have been known by the Graves, and that appellants did not know the location of the boundary between the two parcels of land, but, as stated does not allege that appellants did not know of the existence or location of the sunken driveway. It is also significant that the brief of the appellant admits, although the pleadings do not disclose, that the plaintiffs arrived at the premises during daylight hours when the driveway would have been obvious upon the most casual observation.
The judgment appealed from is affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.