PINA FIORELLI ET AL. *v.* ARNOLD H. GORSKY, TRUSTEE, ET AL.
(AC 30596)

Bishop, DiPentima and Schaller, Js.

Argued January 6—officially released April 6, 2010

*Enrico Vaccaro,* for the appellants (plaintiffs).

*Brendan T. Cahill,* for the appellees (defendant Paul S. Gorsky et al.).

*Opinion*

SCHALLER, J. This appeal arises out of an action brought by the plaintiffs, Pina Fiorelli and her husband, Rocco Fiorelli, to recover damages for injuries sustained by Pina Fiorelli as a result of an automobile accident that occurred on premises owned by the defendants, Arnold H. Gorsky, Paul S. Gorsky and Eastland Derby Realty Trust, and leased to Webster Bank, which was a defendant when the action was initiated.[1] The plaintiffs appeal from the trial court's granting of the defendants' motion for summary judgment. On appeal, the plaintiffs claim that the court (1) committed plain error in granting the defendants' motion because there was no evidence that established that the premises on which the accident occurred were subject to the ground lease between the defendants and Derby Savings Bank, and (2) improperly granted the defendants' motion because there were genuine issues of material fact as to (a) whether the defendants retained possession and control of the premises, and (b) whether the defendants were liable for injuries that occurred on the premises. We affirm the judgment of the trial court.

---

[1] Arnold Gorsky and Paul Gorsky were sued in their capacities as trustees of Eastland Derby Realty Trust. Following the initiation of the action, the defendants' counsel filed a suggestion of death notice on behalf of Arnold Gorsky, who died prior to the accident underlying the plaintiffs' complaint. The plaintiffs have not substituted his estate as a party to this action. The defendants argued that the case against Arnold Gorsky was a nullity. The trial court rendered summary judgment as to Arnold Gorsky on those grounds, and the plaintiffs have not appealed from that judgment. Webster Bank is not a party to this appeal. Therefore, the term defendants refers only to Paul Gorsky, in his capacity as trustee, and Eastland Derby Realty Trust.

The record reveals the following undisputed facts and procedural history. The plaintiffs filed a six count complaint returnable on November 1, 2005. The complaint arose from a car accident that occurred in the Orange-Derby Shopping Center in Derby, in which a vehicle driven by Megan Kisyk struck Pina Fiorelli's vehicle as the Fiorelli vehicle was attempting to exit the parking area of the Webster Bank branch office. As a result of the accident, Pina Fiorelli suffered injuries, including injuries to her cervical and lumbar spine.

On June 30, 2008, the defendants filed a motion for summary judgment. The defendants argued that they owed no legal duty to the plaintiffs because they had executed a ground lease of the premises on which the accident occurred with Derby Savings Bank, whose rights later were transferred to Webster Bank through both assignment and merger. At the time of the accident, the defendants claim, Webster Bank was in full possession and control of the leased premises.[2]

The plaintiffs filed an objection to the defendants' motion for summary judgment, contending that the issue of possession and control is an issue of fact for the jury. The plaintiffs argued that several sections of the ground lease support a finding that the defendants remained in control of the leased premises. Additionally, the plaintiffs claimed that under *Webel* v. *Yale University*, 125 Conn. 515, 7 A.2d 215 (1939), even if the defendants were not in possession or control of the leased premises, it did not foreclose their potential liability. Following oral argument on the motion on November 17, 2008, the court rendered summary judgment in favor of the defendants. This appeal followed. Additional facts will be set forth as necessary.

---

[2] In support of their motion, the defendants submitted the ground lease, a letter from Derby Savings Bank regarding the assignment of its rights to Webster Bank and an affidavit from Paul Gorsky.

I

The plaintiffs claim that the trial court committed plain error in granting the defendants' motion for summary judgment because there was no evidence that established that the premises on which the accident occurred were subject to the ground lease. We disagree.

The following additional facts are necessary for the resolution of the plaintiffs' claim. The plaintiffs' complaint alleged that "[a]t all times material hereto, the defendants . . . [were] the owners of . . . the Orange-Derby Shopping Center . . . . Said shopping center contained . . . a branch office of . . . Webster Bank. Said Webster Bank branch office located in said shopping center, while part of said shopping center, had a designated parking area for said branch office separate from the other parking areas in said shopping center and its own designated ingress and egress area into said designated parking area. . . .

"On or about September 9, 2003 at approximately 8:11 a.m., the plaintiff, Pina Fiorelli, was a customer and business invitee of the defendants . . . [and was] lawfully on the premises of the Orange-Derby Shopping Center at 500 New Haven Avenue, Derby, Connecticut. [Pina Fiorelli] was on said premises to transact banking business at the branch office of . . . Webster Bank on said premises. At said time and place as the plaintiff, Pina Fiorelli, was operating her motor vehicle in the designated egress area leading from the branch office of . . . Webster Bank . . . on said premises and attempting to exit from said branch office area through said designated egress area on said premises, the vehicle driven by the plaintiff, Pina Fiorelli, was struck by a vehicle driven by . . . Kisyk . . . . Kisyk, while attempting to enter into the ingress area to gain access to said branch office of . . . Webster Bank . . . crossed into the egress area leading from said branch

office of . . . Webster Bank . . . on said premises and the designated parking area appurtenant thereto and struck and collided with the motor vehicle driven by the plaintiff, Pina Fiorelli, which was in said egress area attempting to exit from said branch office . . . ."

The defendants' answer did not deny these allegations but, rather, stated that the defendants were without sufficient knowledge to form a belief and left the plaintiffs to prove their allegations. The memorandum of law in support of the defendants' motion for summary judgment also did not dispute the plaintiffs' allegations, but rather asserted that, accepting as true the factual allegations relating to the underlying motor vehicle accident, the defendants did not owe the plaintiffs a legal duty that would subject them to liability for their alleged negligence. The lease between the defendants and Derby Savings Bank, which was attached as an exhibit to the memorandum of law, references a survey of the premises, which was referred to as exhibit A to the lease. No such survey was attached to the lease.

At oral argument on the defendants' motion for summary judgment, the plaintiffs alerted the court to this omission. The court, however, did not address the plaintiffs' concern and rendered summary judgment in favor of the defendants. The plaintiffs now claim that the court committed plain error in granting the defendants' motion for summary judgment in the absence of evidence that established that the accident occurred on the leased premises.

"[T]he plain error doctrine, which is now codified at Practice Book § 60-5 . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of

policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . Implicit in this very demanding standard is the notion, explained previously, that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. . . . [Thus, a] defendant cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 521–22, 923 A.2d 638 (2007).

The claimed plain error in this case occurred in the context of a motion for summary judgment. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 787, 967 A.2d 1 (2009). Here, the nonmoving party, the plaintiffs, alleged that the accident occurred in the "egress area" of Webster Bank's premises, the premises originally leased by the defendants to Derby Savings Bank. The defendants did not dispute the plaintiffs' factual allegations but, instead, argued that they had no legal duty toward the plaintiffs if the accident occurred as alleged. Neither the defendants nor the plaintiffs presented any evidence regarding the precise location of the accident and whether it occurred on the leased premises. Had the plaintiffs presented evidence supporting their argument that the accident

did not occur on the leased premises, it would have necessarily been inconsistent with their complaint, which pleaded that the accident occurred in the egress area of the premises leased by Webster Bank. The court, in granting the motion for summary judgment, implicitly determined that, even if the accident occurred on the premises leased by Webster Bank, as alleged by the plaintiffs, there was no question of material fact regarding the defendants' possession and control of the leased premises. We cannot say that the court committed an error affecting the "fairness and integrity of and public confidence in the judicial proceedings"; (internal quotation marks omitted) *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 522; when it accepted the plaintiffs' allegations as true in the absence of any evidence to the contrary.

## II

The plaintiffs next claim that the court improperly granted the defendants' motion for summary judgment because there were genuine issues of material fact. Specifically, the plaintiffs contend that genuine issues of material fact existed as to whether the defendants (1) retained possession and control of the premises and (2) were liable for injuries occurring on the premises under *Webel* v. *Yale University*, supra, 125 Conn. 515. We are not persuaded.

"The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Baldwin* v. *Curtis*, 105 Conn. App. 844, 848, 939 A.2d 1249 (2008). "A material fact is a fact that will make a difference in the result of the case.

. . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is nevertheless] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. . . . [T]he existence of [a] genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence. . . . If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met [its] burden of proof. . . . Our review of the trial court's decision to grant [a] defendant's motion for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Farrell* v. *Twenty-First Century Ins. Co.*, 118 Conn. App. 757, 759–60, 985 A.2d 1076, cert. granted on other grounds, 295 Conn. 904, 988 A.2d 878 (2010).

## A

The plaintiffs claim that a genuine issue of material fact existed as to whether the defendants retained possession and control of the premises on which the accident occurred. Specifically, they contend that certain provisions of the lease between the defendants and Derby Savings Bank evidence the defendants' retention of control over the leased premises. We understand the lease, when read as a whole, to give the lessor of the leased premises complete control and possession, and therefore disagree.

The following facts are relevant to the resolution of the plaintiffs' claim. In support of their contention that they did not retain possession or control of the leased premises, the defendants attached to the motion for summary judgment a copy of the 1984 ground lease between them and Derby Savings Bank, a 1996 letter from Derby Savings Bank regarding the assignment of

its rights to Webster Bank and an affidavit from Paul Gorsky.[3] The affidavit states that at the time of the lease, the bank branch did not exist on the premises. Paul Gorsky further represented that the defendants did not design the bank building or the adjacent parking areas, and the lease specifies that Derby Savings Bank and its successors and assigns owned all the improvements on the premises and were responsible for the maintenance and repair of the building and parking areas.

The plaintiffs argue that certain provisions in the lease indicate that the defendants retained control over the leased premises. The plaintiffs refer specifically to paragraphs 5 (B), 11, 23 and 42. Paragraph 5 is entitled "Use and Occupancy," and subsection (B) provides in relevant part: "Tenant shall observe all reasonable rules and regulations established from time to time by Landlord for the Demised Premises and the Shopping Center of which the Demised Premises is a part." Paragraph 11 provides: "Throughout the term of this Lease, Tenant shall not demolish, change, improve, alter or add to the improvements on the Demised Premises, or erect new buildings or other improvements thereon . . . except pursuant to plans and specifications first approved in writing by Landlord, such approval not to be unreasonably withheld, and otherwise in compliance with this Paragraph 11 and the other terms and conditions of this Lease." Paragraph 23 provides in relevant part: "Tenant shall not, without first obtaining the written consent of Landlord, place or permit to be placed signs and advertising matter in, on or about the Demised Premises . . . ." Paragraph 42 states: "Provided that Tenant is not in default under this Lease, Landlord

---

[3] On appeal, the defendants urge us to consider photographs of the premises and portions of Pina Fiorelli's deposition testimony. As this evidence was not before the trial court when it decided the motion for summary judgment, we will not consider it on appeal.

agrees to maintain in a first class manner the parking areas adjacent to the Demised Premises, lying within the Shopping Center, including but not limited to the paving, lighting and drainage thereof." The only evidence offered by the plaintiffs was the affidavit of a traffic engineer, which did not relate to the defendants' possession or control of the premises.

"In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury. . . . The general rule regarding premises liability in the landlord-tenant context is that landlords owe a duty of reasonable care as to those parts of the property over which they have retained control . . . . [L]andlords [however] generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Citation omitted; internal quotation marks omitted.) *Baldwin* v. *Curtis*, supra, 105 Conn. App. 848–49; see also 2 Restatement (Second), Torts § 421 (1965) (nondelegable duty arises when possessor of land, having leased part of land, still owes duty to maintain in reasonably safe condition that part of land retained by him).

"Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. . . . The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . *Unless it is definitely expressed in the lease,* the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Emphasis added; internal

quotation marks omitted.) *Stokes* v. *Lyddy*, 75 Conn. App. 252, 261, 815 A.2d 263 (2003).

Although questions of fact ordinarily are not decided on summary judgment, if the issue of control is expressed definitively in the lease, it becomes, in effect, a question of law. Paragraph 22 (D) of the lease provides in relevant part: "Tenant hereby assumes the full and sole responsibility for the condition, operation, repair, replacement, maintenance and management of the Demised Premises." Furthermore, Paul Gorsky's affidavit states that under the terms of the lease, "Derby Savings Bank agreed to construct a bank branch with adjacent parking and all landscaping, and Derby Savings Bank assumed possession and control of the leased property . . . ." The lease specifies that Derby Savings Bank and its successors and assigns owned all of the improvements constructed on the premises, and were responsible for the maintenance and repair to the bank building and adjacent parking areas.

The plaintiffs presented no evidence contrary to Paul Gorsky's affidavit or the lease terms. They merely referred to sections of the contract under which the lessor needed the defendants' approval prior to taking some action. "In construing a written lease, which constitutes a written contract, three elementary principles must be kept constantly in mind: (1) The intention of the parties is controlling and must be gathered from the language of the lease in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special meaning is clearly intended; [and] (3) the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Internal quotation marks omitted.) *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 275, 709 A.2d 558 (1998). When read as a whole, the terms of the lease allowed the

defendants to approve the plans for the bank branch prior to its construction, at which time the lessor would take control and possession of the premises. The court correctly determined that the defendants did not retain possession and control of the premises, and therefore did not owe the plaintiffs a duty of care.

B

The plaintiffs' final claim is that a genuine issue of material fact exists as to whether the defendants, even if they did not retain possession and control, were liable for injuries occurring on the premises pursuant to *Webel* v. *Yale University*, supra, 125 Conn. 515. Specifically, the plaintiffs argue that this case satisfies the test set forth in *Webel*, which held that "a visitor to business premises which have been leased by the owner may recover against him upon proof (1) that there existed at the time of the leasing conditions on the leased premises likely to cause injury to persons entering the premises; (2) that the landlord had knowledge, actual or imputable, of the existence of these conditions; (3) that the landlord had knowledge, actual or imputable, that persons were likely to be invited upon the premises as customers of the tenant; (4) that the landlord had reason to expect that the tenant would not take steps to remedy or guard against injury from the conditions." *Brenner* v. *Central Realty Co.*, 130 Conn. 666, 667, 37 A.2d 230 (1944). We conclude that *Webel* does not apply in this situation.

In *Webel* v. *Yale University*, supra, 125 Conn. 517, the plaintiff fell on premises leased by Yale University for a beauty shop. The floor of a room from which the plaintiff was leaving was seven inches higher than that of the room she was entering. Id. Our Supreme Court adopted and applied a doctrine relating to the situation in which a landowner leases premises for a purpose that will result in people entering them as invitees of

the tenant. Id., 523. The court determined that if there are conditions on the premises that are likely to cause injury to such persons and the landowner knows or should know that the tenant cannot reasonably be expected to remedy these conditions or guard against danger from them, the landlord may be liable for injuries suffered by reason of those conditions. Id.

The facts of *Webel* are not the facts of this case. The premises leased by the defendants to Derby Savings Bank had no conditions likely to cause injury to business invitees. In fact, at the time of the lease, there were no improvements on the land at all. It was not until after the parties signed the lease that Derby Savings Bank erected the building, designed the adjacent parking areas and landscaped the premises. The plaintiffs' contention that there existed at the time of the lease conditions on the premises likely to cause injury to persons entering the premises is not supported by the record. The court, therefore, did not improperly grant the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.