******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VICTOR COLON *v.* AUTOZONE
NORTHEAST, INC., ET AL.
(AC 35397)

Alvord, Keller and Bishop, Js.

*Argued January 6—officially released February 25, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, S. Richards, J.)

*John T. Bochanis*, for the appellant (plaintiff).

*William S. Wilson II*, for the appellee (named
defendant).

*Opinion*

PER CURIAM. The plaintiff, Victor Colon, appeals from the summary judgment rendered by the trial court in a negligence and premises liability action in favor of the defendant AutoZone Northeast, Inc. (AutoZone).[1] On appeal, the plaintiff claims the trial court improperly rendered summary judgment in favor of the defendant because material questions of fact existed as to whether: (1) the defendant had control of the area where the plaintiff was assaulted; and (2) the defendant should have foreseen that a dangerous condition existed when customers exited the defendant's store. We affirm the judgment of the trial court.

The relevant factual and procedural background is as follows. The plaintiff alleged that he was assaulted by an unknown assailant on or about July 14, 2009, in the parking lot outside of the defendant's store at a strip mall located at 300 North Avenue, Bridgeport. On July 14, 2011, the plaintiff brought a negligence and premises liability action against the defendant. The defendant filed an answer denying the allegations, and asserted as a special defense that the plaintiff failed to state a cause of action against the defendant upon which relief could be granted because the defendant did not have possession or control over the parking lot in which the plaintiff allegedly was assaulted.[2] On May 23, 2012, the defendant filed a motion for summary judgment solely on the ground that it "owed no duty to the plaintiff because it did not have possession or control over the parking area where the plaintiff was allegedly assaulted" and therefore was entitled to judgment as a matter of law. The plaintiff filed an objection, and the defendant filed a reply. Oral argument was heard on the motion and on December 26, 2012, the court granted the defendant's motion for summary judgment in a written memorandum of decision. The court concluded that under the terms and conditions of the lease, the defendant was not in control or possession of the parking lot and owed no duty of care to the plaintiff, and, therefore, no genuine issues of material fact existed and the defendant was entitled to summary judgment as a matter of law. This appeal followed.

On appeal, the plaintiff reiterates his claims that material questions of fact existed as to whether the defendant had control of the area where the plaintiff was allegedly assaulted, and whether the defendant should have foreseen that a dangerous condition existed when customers exited the store. We are not persuaded.

We begin by setting forth our standard of review. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . [T]he scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 312–13, 77 A.3d 726 (2013).

With respect to the governing legal principles, "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law . . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Mirjavadi* v. *Vakilzadeh*, 310 Conn. 176, 191, 74 A.3d 1278 (2013). "[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof. . . . Thus, the dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property. . . . Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. . . . The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted; internal quotation marks omitted.) *Mills* v. *The Solution, LLC*, 138 Conn. App. 40, 59–60, 50 A.3d 381, cert. denied, 307 Conn. 928, 55 A.3d 570 (2012). "Although questions of fact ordinarily are not decided on summary judgment, if the issue of control is expressed definitively in the lease, it becomes, in effect, a question of law." *Fiorelli* v. *Gorsky*, 120 Conn. App. 298, 309, 991 A.2d 1105, cert. denied, 298 Conn. 933, 10 A.3d 517 (2010).

We have carefully reviewed the record and briefs in this case and agree with the trial court that the defendant met its burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. The defendant asserted that its demised premises did not include any portion of the "Common Areas" of 300 North Avenue, which its lease expressly defined as including "all automobile parking areas, driveways, entrances and exits . . . ." In support of its claim, the defendant submitted a copy of the lease,

affidavits, and other supporting evidence to establish that it did not have control or possession over the parking lot in which the plaintiff was allegedly injured, and therefore owed no duty of care to the plaintiff.[3] The plaintiff, however, did not provide the trial court with any evidence to show that there *was* a genuine issue of material fact as to whether the defendant had possession or control over the parking lot, and the court found that his "memorandum in opposition to the defendant's motion for summary judgment fail[ed] to include any contradictory affidavits and contain[ed] only bald statements of fact . . . ." "The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact." (Internal quotation marks omitted.) *Mills* v. *The Solution, LLC*, supra, 138 Conn. App. 62. "[B]are assertions by the nonmovant are not enough to withstand summary judgment." (Internal quotation marks omitted.) *Macellaio* v. *Newington Police Dept.*, 145 Conn. App. 426, 436, 75 A.3d 78 (2013). Here, the defendant successfully demonstrated the absence of a material dispute as to the possession and control of the parking lot, and the plaintiff failed to present any factual predicate to raise an issue of material fact.[4] Accordingly, the trial court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

[1] The plaintiff also named Three Hundred North, LLC (Three Hundred North), as a defendant in the complaint. It has been established that Three Hundred North is the current owner and landlord of the property at 300 North Avenue, Bridgeport, and that AutoZone and Three Hundred North are parties to a lease agreement for AutoZone's store at 300 North Avenue. Three Hundred North was not a party to the underlying motion for summary judgment, nor is it a party to this appeal. Therefore, we refer to AutoZone as the defendant in this opinion.

[2] The defendant also asserted by way of special defenses that "[a]ny injuries, losses, or damages which the plaintiff may have suffered . . . were directly and proximately caused by his own negligence," and that the plaintiff's actions "may be time barred by the applicable statute of limitations."

[3] Article 10 of the lease provides in relevant part: "All of said Common Areas shall be for the general use, in common of tenants, their agents, employees, customers and invitees. [The defendant], its agents, employees, customers and invitees are hereby granted the right to use all of [the] Common Areas for their intended purposes . . . . Landlord shall have the right to change the area, level, location and arrangement of the Common Areas, provided such changes do not adversely affect [the defendant], and to restrict parking by tenants, their officers, agents and employees to designated parking areas. . . . Landlord shall keep the Common Areas in the Shopping Center (including without limitation, sidewalks, driveways, services areas, curbs and parking areas) in good order and repair, reasonably free from snow, ice and debris and reasonably lighted during the normal business hours of the major tenants, including [the defendant], in the Shopping Center. Landlord agrees to carry public liability insurance covering the parking areas and other Common Areas . . . . Landlord agrees to save and hold [the defendant] harmless from any loss or suit brought by any person for injuries sustained, or property damage arising out of Landlord's negligence with respect to the landlord's duties under Article 10."

The lease also stated that the defendant's demised premises "are to be located in the cross hatched area outlined in red on Exhibit A." The cross hatched area in exhibit A, which was submitted to the trial court by the defendant along with a sworn affidavit attesting to its truth and accuracy, does not include any "Common Areas" such as the parking lot and sidewalk.

[4] Likewise, the plaintiff failed to submit any admissible evidence to raise a material question of fact as to whether the assault was or should have been foreseeable. Accordingly, his claim that the alleged criminal attack

was foreseeable and his proposition based upon *Ford* v. *Hotel & Restaurant Employees & Bartenders Union*, 155 Conn. 24, 229 A.2d 346 (1967), that the defendant "[could] be liable for dangerous conditions adjacent to its property if it should have foreseen a dangerous condition" must fail.

―――――――――――――――――――――