******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TONI RACZKOWSKI *v.* DAVID J. MCFARLANE ET AL.
(AC 42024)

Keller, Prescott and Harper, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, G and M, for
negligence in connection with personal injuries she allegedly sustained
when she was bitten by a dog owned by M on property that M leased
from G pursuant to a written lease agreement. The lease permitted the
tenant to keep a pet on the property in exchange for increased rent but
required that the pet pose no threat to anyone entering the property
and provided that that was to be determined by the landlord. The plaintiff
alleged, inter alia, that G was negligent because she knew or should
have known the vicious propensities of M's dog and by allowing the
dog to stay on the property, G failed to use reasonable care to keep the
property in a reasonably safe condition. In addition, the plaintiff alleged
that the lease imposed on G a duty of care that extended to third persons
who were not parties to the lease. Following a hearing, the trial court
granted G's motion for summary judgment and rendered judgment
thereon, from which the plaintiff appealed to this court. She claimed
that the trial court improperly rendered summary judgment in favor of
G because it erroneously concluded that G did not owe her a duty of
care on the basis of the lease between G and M. *Held*:

1. The trial court properly rendered summary judgment in G's favor, there
having been no genuine issue of material fact that the plain language
of the lease did not require G to investigate the behavioral propensities
of M's dog and that the lease did not create a duty on the part of G to
third persons who might encounter the dog on the property; the relevant
language of the lease clearly did not impose a duty on G to perform an
extraneous investigation of the dog's behavioral propensities but, rather,
simply provided G with discretion to approve or deny the ability of the
tenant to own or keep pets on the property and was included for the
exclusive benefit of G in her capacity as the landlord, and the obligations
under the lease were limited to its signatories and did not extend to
third persons, as the language of the lease clearly demonstrated that G
and M did not intend to create an obligation to any third persons.

2. The plaintiff could not prevail on her claim that the language of the lease
related to G's discretion to approve a tenant having a pet on the property
created a genuine issue of material fact as to whether G retained control
over the property and, therefore, whether the lease imposed on G a
duty of care to keep in a reasonably safe condition those portions of
the property over which she reserved control: G submitted a copy of
the lease and various affidavits demonstrating that the entire property
was leased to M and thereby established that she did not have control
or possession over the property where the plaintiff was injured and,
therefore, did not owe a duty of care to the plaintiff, and the plaintiff
failed to provide any evidence to show that there was a genuine issue
of material fact as to whether G had possession or control over the
property; moreover, the plaintiff's reliance on *Giacalone* v. *Housing
Authority* (306 Conn. 399) was misplaced, as that case was distinguish-
able because, in the present, case there was no common area of the
property for G to keep reasonably safe due to M's exclusive possession
under the lease, and, therefore, G had no right to enter the property
and to physically remove M's dog, and the issue of whether the landlord
knew or should have known of the dog's vicious tendencies was not
before this court.

Argued October 15, 2019—officially released January 21, 2020

*Procedural History*

Action to recover damages for the defendants' alleged
negligence, and for other relief, brought to the Superior
Court in the judicial district of Hartford, where the
court, *Shapiro, J.*, granted the motion for summary

judgment filed by the defendant Evelyn Garrow and rendered judgment thereon; thereafter, the court, *Hon. Robert B. Shapiro*, judge trial referee, denied the plaintiff's motion to reargue, and the plaintiff appealed to this court. *Affirmed.*

*Keith Yagaloff*, for the appellant (plaintiff).

*Joseph M. Busher*, *Jr.*, for the appellee (defendant Evelyn Garrow).

*Opinion*

HARPER, J. The plaintiff, Toni Raczkowski, brought the underlying negligence action against the defendant landlord, Evelyn Garrow.[1] The plaintiff sought compensation for damages she allegedly sustained when she was bitten by a dog owned by the defendant's tenant, David J. McFarlane, on the leased property. The plaintiff appeals from the summary judgment rendered by the trial court in favor of the defendant. The plaintiff claims that the court improperly granted the defendant's motion for summary judgment because it erroneously concluded that the defendant did not owe her a duty of care on the basis of the lease agreement between the defendant and McFarlane.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiff as the nonmoving party, reveals the following relevant facts and procedural history. On April 16, 2016, the plaintiff was walking her dog along the sidewalk in front of 295 Hilliard Street in Manchester (property). As she was walking her dog near the property, a dog named Diesel, owned by McFarlane, ran out and bit her. This occurred, in part, on the property. The plaintiff's injuries included multiple puncture wounds and tears to her forearm and wrist. At the time of the incident, the defendant was the owner and landlord of the property, and was renting the property to McFarlane pursuant to a written lease agreement.

On April 11, 2017, the plaintiff commenced the present action. In her amended complaint, the plaintiff alleged that the defendant was negligent in that she knew or should have known that McFarlane's dog was dangerous and that allowing the dog to stay on the property constituted a failure to use reasonable care to keep the property in a reasonably safe condition. Furthermore, the plaintiff alleged that the lease between the defendant and McFarlane, which left the approval of any dogs living on the property to the discretion of the defendant, imposed on the defendant a duty of care to third persons who are not parties to the lease.

On January 19, 2018, the defendant filed a motion for summary judgment in which the defendant asserted that the plaintiff had failed to demonstrate that there was a genuine issue of material fact as to whether the defendant had actual or constructive knowledge of the dog's vicious propensities or whether the defendant owed the plaintiff a duty of care on the basis of the lease agreement between the defendant and McFarlane. The plaintiff filed an objection to the motion for summary judgment on April 9, 2018. In support of her objection, the plaintiff asserted that there was a genuine issue of material fact as to whether the lease imposed a duty on the defendant that extended to the plaintiff, a nonparty to the lease. The plaintiff relied on an affidavit

from a neighbor that suggested that McFarlane's dog had vicious propensities.[3]

On April 16, 2018, the court, *Shapiro, J.*, held a hearing on the defendant's motion for summary judgment. The court granted the motion for summary judgment on June 11, 2018, and issued a memorandum of decision setting forth its reasoning. In its memorandum of decision, the court concluded that the defendant was entitled to summary judgment because there was no genuine issue of material fact as to whether the defendant knew or should have known of the dog's allegedly vicious propensities or whether the lease agreement imposed on the defendant a duty of care that extended to nonparties to the lease. The court further concluded that a plain reading of the language in the lease revealed that the lease did not impose a duty on the defendant that required her to make a reasonable inquiry into the behavior of McFarlane's dog.

On June 29, 2018, the plaintiff filed a "motion to reargue/reconsider" with the court. In her motion, the plaintiff reiterated many of the same arguments that she raised in her objection to the motion for summary judgment. Additionally, she characterized the court's analysis in its memorandum of decision as concluding that the language in the lease between the defendant and McFarlane was "vague." On August 9, 2018, the court issued a ruling on the plaintiff's "motion to reargue/reconsider" in which it disputed the plaintiff's characterization. The court concluded that it "did not find . . . the language of the lease agreement . . . ambiguous. Rather, the court found that the plain language of the lease [did] not support the plaintiff's interpretation that [the defendant] had a blanket duty to anyone entering the property to ensure that any dog residing on the property did not pose a threat. . . . [The lease] plainly and unambiguously did not create a duty owed by [the defendant] to unnamed third [persons], such as [the plaintiff] who happened to come onto [the defendant's] property." This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff advances one claim, but makes two arguments in support of that claim. First, she argues that the court erred in rendering summary judgment in favor of the defendant because there was a genuine issue of material fact as to whether the lease created a duty requiring the defendant to investigate the behavioral propensities of a tenant's dog on the property on behalf of third persons not parties to the lease. According to the plaintiff, this duty of care owed to her would have required the defendant to take some type of action to protect third persons not parties to the lease from dangerous dogs being kept on the property. Second, she argues that the language of the lease stating that the defendant had discretion to approve her tenant's pets created a genuine issue of material fact as

to whether the defendant retained control over the property and, therefore, whether the lease imposed a duty of care to keep in a reasonably safe condition those portions of the property over which she reserved control. We disagree with the plaintiff's arguments.

We begin our analysis with the standard of review applicable to a trial court's decision to grant a motion for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the non-moving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Anderson* v. *Dike*, 187 Conn. App. 405, 409–10, 202 A.3d 448, cert. denied, 331 Conn. 910, 203 A.3d 1245 (2019).

The plaintiff argues that the language of the lease imposed a duty of care on the defendant to investigate the behavioral propensities of McFarlane's dog and that the lease recognized that the defendant owed a duty of care to nonparties to the lease who might encounter the dog on the property.

Here, because the lease is a contract and the plaintiff's claim presents a question of contract interpretation, the lease is subject to the same rules of construction as other contracts. See *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, 284 Conn. 1, 7, 931 A.2d 837 (2007). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract. . . . [E]xtrinsic evidence may be considered in determining contrac-

tual intent only if a contract is ambiguous. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction. . . . The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. . . . In sum, decisional law holds that if the language of the contract is clear and unambiguous, our courts must look only to the four corners of the contract to discern the parties' intent." (Citations omitted; internal quotation marks omitted.) *Konover* v. *Kolakowski*, 186 Conn. App. 706, 719–20, 200 A.3d 1177 (2018), cert. denied, 330 Conn. 970, 200 A.3d 1151 (2019). Thus, when a contract is unambiguous within its four corners, as it is here, the interpretation of it is a question of law for this court. See *Connecticut National Bank* v. *Rehab Associates*, 300 Conn. 314, 319, 12 A.3d 995 (2011).

Additionally, "when the claim [of a duty of care arising out of a contract] is brought [by an individual] who is not a party to the contract, the duty must arise from something other than mere failure to perform properly under the contract. . . . The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised." (Citation omitted; internal quotation marks omitted.) *Atelier Constantin Popescu, LLC* v. *JC Corp.*, 134 Conn. App. 731, 757, 49 A.3d 1003 (2012). In the present case, however, unless the signatories of the lease intended, at the time of signing, that the plaintiff be a third-party beneficiary, then the harm that could have resulted if a duty of care was not exercised was not foreseeable. "The proper test to determine whether a lease creates a third party beneficiary relationship is whether the parties to the lease intended to create a direct obligation from one party to the lease to the third party. . . . In determining the meaning and effect of the controverted language in the lease, the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 231, 654 A.2d 342 (1995). "Although . . . it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary . . . the only way a contract could create a direct obligation between a promisor and a third party beneficiary would have to be . . . because the parties to the contract so intended. . . . [B]oth contracting parties must intend to confer enforceable rights in a third party . . . in order to give the third party standing to bring suit. This requirement rests, in part at least, on the policy of certainty in enforcing contracts, which entitles each party to a contract to know the scope of his or her obligations thereunder." (Citations omitted; internal quotation marks omitted.)

*Hilario's Truck Center, LLC* v. *Rinaldi*, 183 Conn. App. 597, 605, 193 A.3d 683, cert. denied, 330 Conn. 925, 194 A.3d 776 (2018).

In the present case, the relevant language of the lease is as follows: "The tenant may keep a pet but this will increase the monthly payment by $50.00 per month. The tenant must keep the pet healthy and well groomed. The pet must pose no threat to anyone coming on the property. This is to be determined by the landlord." Because we conclude that the language of the contract is clear and unambiguous, we look only to the plain meaning of the language used therein.[4]

It is clear from the language of the lease that the lease did not impose a duty on the defendant to perform an extraneous investigation of the dog's behavioral propensities.[5] The language of the lease simply provides the defendant the discretion to approve or deny the ability of her tenants to own or keep pets on the property. This language was included for the exclusive benefit of the defendant in her capacity as the landlord. The relevant clause states that "[t]his is to be determined by the landlord." A reasonable interpretation of this language would be that the defendant was reserving the right to make a determination regarding whether a dog could be kept by a lessee. Furthermore, we disagree with the plaintiff's argument that the lease created a duty on the part of the defendant to third persons who might encounter the dog on the property. Here, the lease's obligations are limited to its signatories and do not extend to third persons. After consideration of the parties' intent expressed by the language in the lease, we conclude that the language of the lease clearly demonstrates that the defendant and McFarlane did not intend to create an obligation to any third persons.

On the basis of the foregoing, we conclude that there is no genuine issue of material fact that the plain language of the lease did not require the defendant to investigate the behavioral propensities of the dog and that the lease did not create a duty on the part of the defendant to third persons who might encounter the dog on the property.[6]

The plaintiff next argues that a genuine issue of material fact exists as to whether the defendant reserved control over the property, which created a duty to use reasonable care to keep in a reasonably safe condition those portions of the property over which she reserved control. Specifically, the plaintiff, relying on the language we have previously interpreted in this opinion, contends that the language of the lease proves that the defendant retained possession and control over the leased property. For the reasons that follow, we interpret the plain and unambiguous language of the lease on which the plaintiff relies to give the tenant complete control and possession of the property and, therefore, disagree with the plaintiff's argument.

"In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury. . . . [T]he existence of a duty of care is a prerequisite to a finding of negligence . . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citation omitted; internal quotation marks omitted.) *Charles* v. *Mitchell*, 158 Conn. App. 98, 108, 118 A.3d 149 (2015).

"The general rule regarding premises liability in the landlord-tenant context is that landlords owe a duty of reasonable care as to those parts of the property over which they have retained control . . . . [L]andlords [however] generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant. . . . Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. . . . The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . *Unless it is definitely expressed in the lease*, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Fiorelli* v. *Gorsky*, 120 Conn. App. 298, 308, 991 A.2d 1105, cert. denied, 298 Conn. 933, 10 A.3d 517 (2010). Thus, "summary judgment is appropriate when there is no genuine issue of material fact. A material fact is one that will make a difference in the case. . . . Therefore, to answer the question presented, we must determine whether a genuine issue of material fact exists as to whether the incident occurred at a location over which the defendant exercised control." (Citation omitted.) *Charles* v. *Mitchell*, supra, 158 Conn. App. 110. Previously in this opinion, we set forth the well settled principles that govern our interpretation of contracts.

The defendant asserts that the lease language that vests discretion in her to approve pets does not serve as a reservation of control over the property. To support this claim, she submitted a copy of the lease and various affidavits to establish that she did not have control or possession over the property where the plaintiff was injured and, therefore, did not owe a duty of care to the plaintiff. The affidavits submitted by the defendant demonstrate that the tenant, McFarlane, was responsible for the exterior maintenance of the property, includ-

ing but not limited to, the front and back lawn and the driveway. Further, the entirety of the property was leased to McFarlane. We have held that when parts of a premises or a property are leased to and in the exclusive possession and control of the tenant, the landlord does not owe a duty of reasonable care because in that instance, the landlord does not have possession or control of the property. *Fiorelli* v. *Gorsky*, supra, 120 Conn. App. 308.

The plaintiff relies on *Giacalone* v. *Housing Authority*, 306 Conn. 399, 51 A.3d 352 (2012), for the proposition that it is the duty of the landlord to maintain the areas of the premises over which they reserve control. *Giacalone*, however, is distinguishable from the present case. *Giacalone* involved two tenants who shared a common landlord—one of which was bitten by the other's dog in a common area of the property. Id., 402. Thereafter, the injured tenant brought a common-law premises liability action against the landlord, claiming that the landlord was negligent because the landlord, with knowledge that the dog had vicious propensities, failed to remove the dog from the property. Id. Our Supreme Court concluded that a landlord "must take reasonable steps to alleviate the dangerous condition created by the presence of a dog with known vicious tendencies *in the common areas of the property*." (Emphasis added.) Id., 408. The plaintiff's reliance on *Giacalone* is misplaced.

In the present case, because the entirety of the property was leased to McFarlane and he maintained exclusive possession and control over it, there was no common area for the defendant to keep reasonably safe. Furthermore, because there was no common area of the property due to McFarlane's exclusive possession, the defendant had no right to enter the property and to physically remove McFarlane's dog. See *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.*, 136 Conn. 234, 237, 70 A.2d 126 (1949) (concluding that "[w]here entire premises are rented, in the absence of any agreement, the tenant . . . has the right of exclusive possession and control, and the landlord has no right to enter upon them"). Lastly, as we have discussed in the preceding paragraphs of this opinion, the issue of whether the landlord knew or should have known of the dog's vicious tendencies is not before this court. Thus, *Giacalone* is distinguishable from the present case.

After the defendant satisfied her burden as the moving party and established that there was no genuine issue of material fact with respect to whether she retained control over any portion of the leased property, the plaintiff was required to demonstrate the existence of a disputed fact. "The party opposing summary judgment must present a factual predicate for [her] argument to raise a genuine issue of fact. . . . [B]are asser-

tions by the nonmovant are not enough to withstand summary judgment." (Citation omitted; internal quotation marks omitted.) *Colon* v. *AutoZone Northeast, Inc.*, 148 Conn. App. 435, 440, 84 A.3d 1234 (2014). Here, the plaintiff neglected to provide any evidence to show that there was a genuine issue of material fact as to whether the defendant had possession or control over the property. The plaintiff merely referred to sections of the lease under which the defendant has discretion to approve or deny whether her tenant keeps a pet on the property. Thus, because the plaintiff failed to demonstrate a genuine issue of material fact, the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff named Garrow and her tenant, David J. McFarlane, as defendants in this action. McFarlane has not appeared in this action either before the trial court or this court and, thus, has not participated in this appeal. In this opinion, we refer to Garrow as the defendant.

[2] In her statement of issues, the plaintiff set forth the following three issues: "1. Did the court err in failing to apply the appropriate legal standard for a motion for summary judgment?

"2. Did the court err in determining that the defendant . . . did not owe a contractual duty of care to the plaintiff arising out of the lease with . . . McFarlane?

"3. Did the court err in finding that the lease language did not support the existence of a duty for [the defendant] to perform a reasonable inquiry into the dog's dangerous tendencies?"

The plaintiff's brief does not comply with Practice Book § 67-4 (b) in that the statement of issues is not accompanied by "appropriate references to the page or pages of the brief where [each] issue is discussed" in the brief. Nor does the brief comply with § 67-4 (e) in that the plaintiff's argument is not "divided under appropriate headings into as many parts as there are points to be presented" with "a separate, brief statement of the standard of review the appellant believes should be applied" to each part.

Despite these deficiencies with respect to the brief, we have reviewed the arguments raised therein and conclude that it essentially raises a single issue with two subparts, namely, whether the court improperly failed to conclude that a genuine issue of material fact existed with respect to whether the language of the lease gave rise to a duty of care owed by the defendant to third parties, including the plaintiff, because the lease (1) required the defendant to investigate on behalf of third parties whether dogs on the subject property had dangerous propensities and (2) reflected that the defendant retained control over the portion of the leased property where the plaintiff sustained her injuries and, thus, the defendant owed third parties who were on this portion of the property a duty of care with respect to dangerous dogs.

We note that, during oral argument before this court, the plaintiff acknowledged that she was not pursuing a claim that the court improperly failed to determine that a duty of care arose apart from the language of the lease.

[3] During the hearing on the motion for summary judgment, the defendant objected to the affidavit from McFarlane's neighbor on the ground that it contained hearsay. The affidavit indicated that the neighbor knew of the dog's vicious tendencies prior to the incident in which the plaintiff was bitten. The court, however, having found that it was undisputed that the defendant did not have knowledge of the dog's allegedly vicious tendencies prior to the attack, did not address the argument relating to the consideration of the neighbor's affidavit.

[4] We note that during oral argument before this court, when specifically asked whether the language of the lease was ambiguous or unambiguous, the plaintiff repeatedly conceded that the language was unambiguous. Because the language is unambiguous, a proper analysis of the language at issue is not dependent on extrinsic evidence of the parties' intent. See *Parisi* v. *Parisi*, 315 Conn. 370, 383, 107 A.3d 920 (2015) ("[w]hen only one

interpretation of the contract is possible, the court need not look outside the four corners of the contract"[internal quotation marks omitted]).

[5] We find persuasive the defendant's argument that it is unreasonable to interpret the language of the lease stating that "the pet must pose no threat to anyone coming on the property" as requiring the defendant to pay for a canine DNA analysis, to review an inspection by a veterinarian, or for her to complete a canine lineage check. Nor do we conclude that the language of the lease requires the defendant to interview previous owners or even review similar tests provided and paid for by the tenant.

[6] The defendant cites authority outside of this jurisdiction in support of her position that a lease provision regarding pets does not create a duty to third persons who are not parties to the lease. We find this authority instructive. See *Boots* v. *Winters*, 145 Idaho 389, 396, 179 P.3d 352 (App. 2008) (concluding that landlord did not assume duty to protect third persons not parties to lease from tenant's dogs, when securing a specific pet deposit under lease); *Hyun Na Seo* v. *Yozgadlian*, 320 N.J. Super. 68, 72–73, 726 A.2d 927 (App. Div. 1999) (concluding that lease provision prohibiting tenants from keeping pets does not make landlord responsible for injuries to third persons not parties to lease caused by dog kept in violation of that provision); *Gilbert* v. *Miller*, 356 S.C. 25, 30–31, 586 S.E.2d 861 (App. 2003) (stating that language of lease that made control of pet sole responsibility of tenant, and required pet to meet landlord approval, did not create duty on part of landlord to prevent injuries to third persons not parties to lease).

———————————————————